UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| AZAD KABIR,<br><br>               Plaintiff,<br>    v.<br><br>WEBMD LLC, and<br>THOUGHTI, Inc.,<br><br>               Defendants. | Case No.: 4:25-cv-00130-CDL |

**WEBMD LLC'S MOTION TO SEAL**

Pursuant to this Court's Local Rule 5.4(C), WebMD LLC ("WebMD") respectfully asks this Court to order that portions of WebMD's Opposition to Plaintiff's Motion for Preliminary Injunction ("WebMD's Opposition") and Exhibit B thereto be filed under seal. As demonstrated in WebMD's supporting Brief, WebMD's Opposition and Exhibit B thereto contain sensitive, confidential business information that should remain confidential, meaning good cause exists for filing the documents under seal. Redacted copies of both documents have been filed on the public docket, with only minimal necessary redactions.

As such, WebMD respectfully requests that the Court order that portions of WebMD's Opposition and Exhibit B thereto the Response be filed under seal.

Dated: August 21, 2025                              Respectfully submitted,


  /s/ *Steven McMahon Zeller*
Jefferson M. Starr
Georgia Bar No.: 992352
Coleman Talley LLP
3344 Peachtree Road, NE,
Suite 1950,
Atlanta, GA 30326
(770) 698-9556

Michael P. Adams (*pro hac vice*)
DYKEMA GOSSETT PLLC
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 703-6315
madams@dykema.com

Steven McMahon Zeller (*pro hac vice*)
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

*Attorneys for Defendant WebMD LLC*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| AZAD KABIR,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>WEBMD LLC, and<br>THOUGHTI, Inc.,<br><br>　　　　　　Defendants. | Case No.: 4:25-cv-00130-CDL |

**WEBMD LLC'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Pursuant to this Court's Local Rule 5.4(C), WebMD LLC ("WebMD") respectfully asks this Court to order that portions of WebMD's Opposition to Plaintiff's Motion for Preliminary Injunction ("WebMD's Opposition") and Exhibit B thereto be filed under seal. WebMD's Opposition and Exhibit B thereto contain sensitive, confidential business information that should remain confidential, and good cause exists to restrain the public release of WebMD's confidential business information.

It is well-established that the "common law right of access [to judicial proceedings] may be overcome by a showing of good cause." *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007). A "showing of good cause … requires balancing the asserted right of access against the other party's interest in keeping the information confidential," as a "party's privacy … interest … sometimes overcomes the interest of the public in accessing the information." *Id*. (internal citations omitted, citing *Nixon v. Warner Commc'ns Inc*., 435 U.S. 589, 598 (1978)). *See also Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir. 2001).

Whether good cause exists turns on "the nature and character of the information in question." *Romero*, 480 F.3d at 1246 (quotation marks omitted). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id*. Based on these factors, a district court has broad discretion to seal documents. A court's decision to seal documents will be reversed only for an "abuse of discretion," which occurs if the court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune*, 263 F.3d at 1309.

Under the circumstances, good cause exists for the Court to grant the requested relief. WebMD's Opposition and Exhibit B – a declaration from WebMD's Sr. Director of Engineering, to the Response contain confidential business information concerning the subject of this lawsuit – the highly confidential structure, makeup, and operation of WebMD's the Symptom Checker tool that WebMD seeks to keep confidential. WebMD maintains information about the workings of its Symptom Checker tool as trade secrets and other confidential business information and the release of which could bring significant harm to WebMD. There are legitimate privacy interests in keeping this information confidential.

Courts typically grant motions to seal portions of documents containing confidential business information, the release of which may give competitors an unfair competitive advantage. *See D.H. Pace Co., Inc. v. Aaron Overhead Door Atlanta LLC*, No. 1:17-CV-3430-

MHC, 2020 U.S. Dist. LEXIS 256898, at *10 (N.D. Ga. Feb. 12, 2020); *Chemence Med. Prods. v. Medline Indus., Inc.*, No. 1:13-CV-500-TWT, 2015 U.S. Dist. LEXIS 2958, at *9 (N.D. Ga. Jan. 12, 2015). Moreover, the minimal redactions identified in WebMD's Opposition and Exhibit B thereto are the least restrictive means of protection, while still maintaining the confidentiality of the company's confidential business information. *See Romero*, 480 F.3d at 1246, *D.H. Pace Co.*, 2020 U.S. Dist. LEXIS 256898, at *10.

    The information sought to be kept confidential is critically important to WebMD's Symptom Tracker tool, , and as such, and based on the above, WebMD respectfully requests that the Court order that portions of WebMD's Opposition to Plaintiff's Motion for Preliminary Injunction and Exhibit B thereto be filed under seal.

Dated: August 21, 2025                                         Respectfully submitted,


                                                                       /s/ *Steven McMahon Zeller*
                                                    Jefferson M. Starr
                                                    Georgia Bar No.: 992352
                                                    Coleman Talley LLP
                                                    3344 Peachtree Road, NE,
                                                    Suite 1950,
                                                    Atlanta, GA 30326
                                                    (770) 698-9556

                                                    Michael P. Adams (*pro hac vice*)
                                                    DYKEMA GOSSETT PLLC
                                                    111 Congress Avenue, Suite 1800
                                                    Austin, Texas 78701
                                                    Telephone: (512) 703-6315
                                                    madams@dykema.com

                                                    Steven McMahon Zeller (*pro hac vice*)
                                                    DYKEMA GOSSETT PLLC
                                                    10 S. Wacker Drive, Suite 2300
                                                    Chicago, Illinois 60606
                                                    (312) 876-1700

                                                    *Attorneys for Defendant WebMD LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2025, I electronically filed the foregoing **WEBMD LLC'S MOTION TO SEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record and other registered participants.

                                                                   /s/ *Steven McMahon Zeller* /
                                                                   Steven McMahon Zeller

4905-6865-7505.2