UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

AZAD KABIR,

        Plaintiff,

v.

WEBMD LLC,

        Defendant.

Case No.: 4:25-cv-00130-CDL

**PROTECTIVE ORDER**

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED TWO PARAGRAPHS TO THE END OF THIS PROTECTIVE ORDER THAT WERE NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

    WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

    WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

    WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, strategic decision-making information, and marketing and sales information;

    Subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), the parties hereby stipulate and agree that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

    1.    As used herein, the term "Confidential Information" means confidential, financial, proprietary, trade secret and/or personal private information that is to be protected from public disclosure.

    2.    Plaintiff Azad Kabir ("Plaintiff") and Defendant WebMD LLC ("WebMD," collectively with Plaintiff, "Parties" or individually as "Party") acknowledge that they intend to

request and/or exchange certain documents and information from one another and certain third parties that may contain Confidential Information.

3. The Parties acknowledge that, pursuant to the terms of this Order, they may be provided with documents containing Confidential Information. The Parties further acknowledge that the improper disclosure of documents or information containing Confidential Information may result in damages, losses and irreparable harm to the disclosing Party. Accordingly, the Parties agree and covenant to use good faith and reasonable care when maintaining, storing and disclosing Confidential Information and further agree to take all steps necessary in order to preserve the confidential, proprietary and/or personal private nature of Confidential Information.

4. Confidential Information shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by this Order, as set forth below. This Order shall be binding on each of the Parties and their respective affiliates, employees, contractors, representatives and agents including, but not limited to, the attorneys of record.

5. A Party seeking to protect Confidential Information shall designate the information as either "Confidential" or "Confidential – Attorney Eyes Only." The "Attorney Eyes Only" designation shall only be used for information that the producing Party considers highly confidential and highly sensitive and competitive information. Documents and other tangible items shall be designated as "Confidential" or "Confidential - Attorney Eyes Only" at the time the documents are produced and by a stamp or some other label on the documents. Any deposition transcripts or portions thereof may be designated as "Confidential" or "Confidential - Attorney Eyes Only" on the record at the time the testimony is given, or within fourteen (14) days after the transcript is received by the designating Party by written notice to all Parties and recipients of the transcript. Deposition transcripts shall be maintained as "Confidential – Attorney Eyes Only" for at

least fourteen (14) days after their receipt to enable a producing Party to designate portions as "Confidential" or "Confidential –Attorney Eyes Only." The cover page of any deposition transcript and/or deposition exhibits that have been designated as Confidential Information shall include a prominent designation that states "Contains Confidential Information Subject to Protective Order," or other equivalent language.

      6.      The Parties agree that all Confidential Information exchanged between one another or received from any third party shall be used solely for the purposes of the above-captioned proceeding. Under no circumstances, other than those specifically provided for herein, shall a Party receiving Confidential Information disclose said Confidential Information to any person or entity other than the following:

      a.      a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel;

      b.      a party's in-house counsel;

      c.      a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

      d.      a stenographer and videographer recording testimony concerning the information;

      e.      subject to the provisions of paragraph 9 of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only, including electronic discovery vendors;

      f.      the Court and personnel assisting the Court; and

      g.      any Persons agreed to between the parties by express written consent of the disclosing Party's counsel of record.

      7.      Except upon further Order of the Court or by express written consent of the producing Party, Confidential Information designated as "Confidential – Attorney Eyes Only" may only be disclosed to those identified in paragraph 6(a), (d), (e), and (f).

8. Confidential Information designated as "Confidential" or "Confidential - Attorney Eyes Only" may not be disclosed, shown or otherwise revealed to an expert or consultant pursuant to paragraph 6 (e) of this order, until after the expert or consultant has agreed in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto as Appendix A.

9. A party may not disclose Confidential Information designated as "Confidential" or "Confidential - Attorney Eyes Only" to an expert or consultant pursuant to paragraph 4(b) or 4(d) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least seven (7) days before the first disclosure of Confidential Information designated as "Confidential" or "Confidential - Attorney Eyes Only" to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the Producing party with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the Producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within seven (7) days after service of the objection, the Producing party must move the Court promptly for a ruling, and the Confidential Information designated as "Confidential" or "Confidential - Attorney Eyes Only" may not be disclosed to the expert or consultant without the Court's approval.

10. Each person given access to Confidential Information shall segregate such material, keep it secure, treat it as confidential and proprietary and take all action necessary to

preserve and prevent the unauthorized disclosure – whether intentional or unintentional – of the Confidential Information.

11. The Parties shall take reasonable steps to protect Confidential Information that may be transferred or transcribed into their own notes, summaries, copies or exhibits prior to use in any hearing or trial.

12. This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without leave of court. A party wishing to file under seal a document containing Confidential Information must move the Court, pursuant to Local Rule 5.4(c), for permission to file the document under seal.

13. Within sixty (60) days of the conclusion of this proceeding, all Confidential Information and all copies, duplications, notes, extracts and summaries thereof shall be returned to the producing Party or destroyed with a letter to counsel for the producing Party certifying that all Confidential Information has been, as applicable, returned or destroyed. After the sixty (60) day period, if requested by any Party, counsel of record shall within fourteen (14) days of the request, certify in writing that all Confidential Information required to be returned has been returned or destroyed. After sixty (60) days Counsel of record will be allowed to retain in confidence one copy of any transcript, exhibit, draft, report, memo, brief, motion, pleading, discovery paper, or other filing used in this action that may contain or summarize Confidential Information.

14. If any Party to this proceeding disagrees with a designation that particular documents or testimony are Confidential Information, such Party shall give the designating Party or entity written notice of its disagreement and the interested Party shall try to resolve such

dispute in good faith prior to filing any motion with the Court. Nothing in this paragraph is intended to delay the proceedings or delay the issue being resolved with the Court.

15. Neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. A party who has inadvertently produced documents protected by the attorney-client privilege or work product doctrine shall give written notice to counsel for the receiving party. Immediately upon receipt of such notice and an updated privilege log identifying the document, and without further substantive review of the document, the receiving party shall return or destroy all copies of the document and provide written notice of such action, even if the receiving party disputes the assertion of privilege.

16. The inadvertent or mistaken disclosure of any confidential information by a designating party, without a designation of "Confidential" or "Confidential – Attorneys' Eyes Only," shall not constitute a waiver of any claim that the information is entitled to protection under this Protective Order, provided the designating party gives prompt written notice of the desired designation to all Parties after discovery of such inadvertent or mistaken disclosure and provided that any disclosure of such information prior to its designation as "Confidential" or "Confidential – Attorneys' Eyes Only," shall not be a violation of the Protective Order. Along with notice of inadvertent or mistaken disclosure, the designating party shall provide properly marked information to each Party to whom the information was disclosed. Upon receipt of the properly marked information, the receiving party shall (a) return to the designating party, or destroy, the improperly marked information that was initially produced, and (b) if a disclosure of that information was made to a person to whom disclosure would not have been permitted if the information were properly marked, identify the person(s) to whom such disclosure was made.

17. Notwithstanding the provisions in Paragraph 14 regarding disagreements as to Confidential designations, if there is a disagreement concerning documents designated as "Confidential – Attorney Eyes Only," the non-designating party will provide written notice of any objection. The designating party must respond to the objection in writing within five (5) days. If the disagreement cannot be mutually resolved between the parties, the designating Party may object to the challenge of a specific document or class of documents by filing a Motion with the Court and stating the specific reasoning giving rise to the protection. Before filing any motion objecting to a challenge of a "Confidential – Attorney Eyes Only" designation, counsel for parties must confer in good faith via telephone. The Court shall decide whether the designation shall be revised or removed and may determine whether any additional protections, such as withdrawal or destruction of the documents, are needed – keeping in mind the interests of all parties and the need for the evidence. During the pendency of such dispute and until a ruling by the Court, the parties agree to treat disputed documents as "Confidential – Attorney Eyes Only."

18. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must:

   a. notify the Producing party, in writing, immediately and in no event more than three court days after receiving the subpoena or order, and include a copy of the subpoena or court order with the notification; and

   b. inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order to the party in the other action.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing party in this case an opportunity to try to protect its

Confidential Information in the court from which the subpoena or order issued. The Producing party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

19. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Information by the Party producing such information or documentation or be construed as a basis to avoid discovery of such information or documentation, or be construed as a basis to prevent any Party from interposing an objection to a request for discovery.

20. Nothing contained in this Order shall prejudice, in any way, the right of any Party to seek, by way of consent of all of the Parties or by application to the Court (i) additional protection for specific Confidential Information; or (ii) relief from the provisions of this Order with respect to specific items or categories of Confidential Information.

21. By consenting to this Order, the Parties do not waive any applicable privileges, and reserve the right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges.

22. All Parties and attorneys of record in this proceeding, and all other persons and entities granted access to Confidential Information by counsel or the Parties pursuant to this Order shall be bound by this Order.

23. Nothing in this agreed Order is intended to or may be construed as limiting the Parties from using information gained in discovery or otherwise at hearing or trial.

24. All Confidential Information designated as either "Confidential" or "Confidential – Attorneys' Eyes Only," shall be used **solely for purposes of this litigation** and shall not be used for any business, commercial, competitive, or personal purpose, even after final disposition of this case.

25. The obligations of this Order, including clause 24 (non-use clause), survive the conclusion of the litigation and bind the parties, counsel, experts, and all other recipients indefinitely.

The undersigned hereby consent that the Court may enter this Protective Order in the above-referenced action, and further that the Court may and shall issue any necessary orders on this subject.

**ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used

in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

Although any motion to seal must be filed on the public docket, any briefs in support of or opposition to the motion to seal, along with exhibits thereto, may be filed with restricted access so they are accessible only by the Court and the opposing party; the parties must contemporaneously file redacted versions of the briefs on the public docket.  The parties should not count on a same-day or next-day ruling on a motion to seal.  In the meantime, before the Court has had the opportunity to rule upon whether a filing that contains protected material should be permitted to be filed under seal, the party filing the document that includes the protected material shall file their motion/filing with restricted access only by the Court and the opposing party and shall simultaneously file a redacted copy of the motion/filing on the public record that redacts the protected material.  If a motion to seal is denied, the Court will direct the Clerk to un-restrict the restricted filing.  To assist the Court in reviewing the filings, any time a party files a restricted access version of a filing and a redacted public access version, the restricted access version of the filing should highlight in yellow the portions of the filing that are redacted from the publicly filed version.

IT IS SO ORDERED, this 28th day of August, 2025

                     S/Clay D. Land
                     Hon. Clay D. Land
                     United States District Judge

CONSENTED TO BY:

By: /s/ Azad Kabir

Azad Kabir, MD
1120 Beach Blvd
Biloxi, MS 39530
Email: azad.kabir@ddxrx.net
Tel: (228) 342-6278

*Plaintiff*

CONSENTED TO BY:

By: /s/ Steven McMahon Zeller

Jefferson M. Starr
Georgia Bar No.: 992352
COLEMAN TALLEY LLP
3344 Peachtree Road, NE,
Suite 1950,
Atlanta, GA 30326
(770) 698-9556

Michael P. Adams (*pro hac vice*)
DYKEMA GOSSETT PLLC
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 703-6315
madams@dykema.com

Steven McMahon Zeller (*pro hac vice*)
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

*Counsel For Defendant WebMD LLC*

## APPENDIX A

I, _____, being of lawful age and capacity, hereby certify that I have read the Confidentiality Agreement and Protective Order ("Order") entered in the above-captioned proceeding on the \_\_\_\_\_ day of _____, 20\_\_\_\_ and I agree to abide by its terms. I agree that, except for the purposes of the above-captioned action, I will not make any use of Confidential Information nor will I disclose or provide such documentation or information to any third-parties. I consent to the personal and subject matter jurisdiction of the United States District Court for the Middle District of Georgia from which the Confidential Information was produced for purposes of enforcement of this Order against me or other matters related to the Order.

Name: _____Address: _____

By: _____  _____

Print (name): _____

Date: _____

4934-0765-8337.4