**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

**AZAD ALAMGIR KABIR,**

Plaintiff,

v.

**WEBMD LLC, THOUGHTi INC., and JOHN DOE 1 (believed to be OpenAI, Inc.),**

Defendants.

Civil Action No. 2:25-cv-15207

---

**PLAINTIFF'S LETTER RESPONE TO DENY DEFENDANT'S REQUEST FOR EXTENSION OR, IN THE ALTERNATIVE, TO GRANT EXTENSION ONLY SUBJECT TO SAFEGUARDS**

**Dear Honorable Judge Jessica Allen:**

Plaintiff, Dr. Azad Alamgir Kabir, appearing pro se, respectfully submits this letter in opposition to Defendant WebMD's September 16, 2025 request for an extension of time to respond to the Second Amended Complaint ("SAC") while Plaintiff's Motion for Leave to File a Third Amended Complaint ("TAC") is pending.

1

## I. INTRODUCTION

1. Defendant seeks additional time under the guise of procedural efficiency. Yet, there is no substantive difference between the SAC and the TAC other than the addition of one defendant, John Doe 1 (believed to be OpenAI, Inc.). This entire issue could have been avoided if Defendant had timely disclosed the names of all third-party vendors engaged for the Symptom Checker. Instead, Defendant has withheld that information as a deliberate tactic to delay justice, obstruct discovery, and risk spoliation of evidence.

2. Courts deny extensions sought for tactics rather than good cause. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010) (applying *Pioneer* factors to Rule 6(b)); *Klein v. Fed. Ins. Co.*, 2013 WL 1288194, at *3 (D.N.J. Mar. 25, 2013) (good cause/diligence under Rule 16(b)(4)).

## II. ARGUMENT

### 3. The Extension Request Is Pretextual

The SAC and TAC are materially identical aside from adding OpenAI. Defendant's assertion that an extension is necessary is not credible. The true purpose is to buy time while avoiding disclosures that would allow Plaintiff to proceed with discovery. Such misuse of procedure constitutes gamesmanship, not good cause. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

**4. Defendant's History of Delay and Gamesmanship**

Defendant has repeatedly engaged in delay tactics:

a) In the Middle District of Georgia, Defendant attempted to use extension requests (**Exhibit 49**) as leverage to pursue dismissal for improper venue (see Defendant's filing, **Document 55, ¶12**). Plaintiff narrowly avoided prejudice by refusing consent.

b) On prior occasions, consents obtained under time pressure were later weaponized against Plaintiff to obstruct DOJ record submissions (see **Dkt. 70** for detailed discussion).

c) Defendant first secured a 30-day extension (**Exhibit 50**), followed by an additional 15-day extension (**Exhibit 51**) in the Middle District of Georgia.

d) This recurring pattern demonstrates misuse of procedural deadlines, contrary to D.N.J. L. Civ. R. 6.1(a)'s requirements that extension requests be made in writing before the deadline, and that all prior extensions be disclosed. These safeguards are intended to prevent unfair delays, especially where one party (a pro se litigant) lacks resources to respond to continuously shifted timelines. Courts disfavor such tactics where they undermine fairness and judicial efficiency.

**5. Failure to Confer in Violation of Local Rule 37.1**

a) Plaintiff attempted to resolve this matter without court intervention, consistent with **Local Civil Rule 37.1(b) (D.N.J.)**, which requires good-faith conferral. On September 9, 2025, Plaintiff emailed defense counsel requesting a meet-and-confer (Exhibit 47). No response was received within seven days, and even after a reminder on September 15, 2025, Defendant refused to engage.

b) This refusal violates Rule 37.1 and demonstrates bad faith. Defendant's silence underscores the necessity of court-imposed safeguards.

---

**6. Failure to Disclose Third-Party Vendors**

a) Plaintiff has repeatedly requested disclosure of the outside vendors engaged for WebMD's Symptom Checker between 2018–2025. Defendant's refusal raises concern that disclosure is being withheld to force repeated amendments (Fourth, Fifth, etc.), each causing delay and risking spoliation of evidence.

b) Such tactics obstruct the litigation process and contravene the duty of candor.

---

**7. Patent Infringement Necessarily Involves Plaintiff's Proprietary Dataset and Trade Secrets**

a) Because Plaintiff's patented method cannot be reproduced without access to his proprietary dataset and trade secrets, the involvement of undisclosed vendors

necessarily implicates both patent infringement and trade secret misappropriation. Courts recognize that patents and trade secrets often overlap in protecting unique processes. *See Integrated Cash Mgmt. Servs. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990).

b) By withholding this information, Defendant effectively ensures repeated amendments, grants itself further delay, and risks altering or destroying evidence. Such conduct is the essence of bad faith.

### 8. Preservation Obligations and Spoliation Concerns

a) The duty to preserve arose once litigation was reasonably anticipated. *Zubulake*, 220 F.R.D. at 217–18; *MOSAID*, 348 F. Supp. 2d at 336–37. Spoliation warrants sanctions where a party fails to preserve relevant evidence, considering fault and prejudice. *Bull v. UPS*, 665 F.3d at 73–79; *Schmid*, 13 F.3d at 78–79.

b) Plaintiff has repeatedly requested written assurances of preservation of relevant evidence (server images, API logs, model artifacts, and training datasets). Defendant's refusal to provide such assurances increases the risk of prejudice.

c) Entry of a preservation order is warranted on this showing of relevance and risk. *Capricorn Power*, 220 F.R.D. at 433–35.

d) The Court's inherent authority to manage its docket supports denying or conditioning extensions to prevent gamesmanship. *Landis*, 299 U.S. at 254–55; *Link*, 370 U.S. at 630–31.

**9. Conditions Are Necessary to Prevent Prejudice:** If the Court is inclined to grant Defendant's request, Plaintiff respectfully requests that it be conditioned on the following safeguards:

a) **Preservation:** Defendant shall file with the Court, within 7 days, written confirmation that all relevant data (server images, API logs, model artifacts, training datasets, etc.) from January 1, 2017, to the present are preserved.

b) **Vendor Identification:** Disclosure within 7 days of the names and roles of the outside service providers engaged for the Symptom Checker from 2018–2025 and thereafter.

c) **Preservation Locations:** Identification of the locations (cloud accounts, data centers, etc.) where preserved data resides.

d) **No Tactical Use of Time:** Defendants shall not use the extension to (i) oppose preservation on timeliness grounds; (ii) seek dismissal on venue or jurisdictional grounds; or (iii) repurpose the extension for any other strategic purpose, including obstructing or delaying DOJ investigation.

e) **Reciprocal Timing:** If leave to amend is denied, Defendant must respond to the SAC within 7 days of the Court's order. If leave is granted, Defendant must respond to the TAC under the rules without seeking further time absent good cause.

    f) **Meet and Confer:** Defendant shall meet and confer within 3 business days on a stipulated preservation order.

---

### III. CONCLUSION

10. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request for extension outright, or, in the alternative, grant the extension only subject to the safeguards outlined above.

---

**Respectfully submitted,**

/s/ Dr. Azad Kabir

Dr. Azad Alamgir Kabir, Pro Se

1120 Beach Blvd

Biloxi, MS 39530

Email: azad.kabir@ddxrx.net

Tel: (228) 342-6278

**Date:** September 16, 2025

**Exhibit Attachments:**

1. **Exhibit 47** – Meet-and-Confer Request for Disclosure of Third-Party Entities and Processes

2. **Exhibit 48** – Request to extend WebMD's time to respond to the Second Amended Complaint

7

3. **Exhibit 49** - Steve Email Asking Time Just to File Motion to Dismiss Based on Venue If I Agree to Extend

4. **Exhibit 50** -  Steve's Email for 30-day extension to respond to first complaint

5. **Exhibit 51** - Steve's email for filling response for extension of the second amended complaint

---

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I caused a true and correct copy of the foregoing **Plaintiff's Cross-Motion to Deny Defendant's Request for Extension or, in the Alternative, to Grant Extension Only Subject to Safeguards** to be served via CM/ECF upon all counsel of record registered to receive electronic notices in this case.

/s/ Dr. Azad Alamgir Kabir

Plaintiff, Pro Se