Wendi Opper Uzar
Corey L. LaBrutto
**RIKER DANZIG LLP**
7 Giralda Farms, Suite 250
Madison, NJ 07940-1051
Telephone: (973) 451-8647
Facsimile:  (973) 451-8557
wuzar@riker.com
clabrutto@riker.com

*Attorneys for Defendant* THOUGHTi, *Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Azir Kabir,<br><br>             Plaintiff,<br><br>     vs.<br><br>WebMD LLC, THOUGHTi, Inc., and John Doe 1.<br><br>             Defendants. | Civil Action No.<br><br>     2:25-cv-15207 (EP) (JSA)<br><br>Motion Return Date: December 1, 2025 |

## BRIEF IN SUPPORT OF DEFENDANT THOUGHTI, INC.'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6)

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ....................................................................................... iv

PRELIMINARY STATEMENT .....................................................................................1

PROCEDURAL HISTORY ...........................................................................................3

STATEMENT OF FACTS ............................................................................................4

   A.  Plaintiffs' Allegations ........................................................................4

   B.  Jurisdictional Facts ...........................................................................7

   C.  Plaintiff's Alleged Intellectual Property Rights ...............................8

     1.  Copyright......................................................................................8

     2.  Trade Secret .................................................................................9

STANDARD OF REVIEW ...........................................................................................10

   A.  Standard under 12(b)(2).....................................................................10

   B.  Standard under 12(b)(6).....................................................................11

LEGAL ARGUMENT ..................................................................................................12

   A.  The TAC Must be Dismissed as to THOUGHTi for Lack of Personal Jurisdiction....................................................................................12

   B.  Count II for Copyright Infringement Must be Dismissed for Failure to State a Claim..........................................................................................14

     1.  Plaintiff's Copyright Infringement Claim is Barred by the Statute of Limitations ......................................................................................14

     2.  Plaintiff's Copyright Infringement Claim Must be Dismissed for Failure to Meet Statutory Prerequisites to Suit .................................................16

3.   Plaintiff's Copyright Infringement Claim Must be Dismissed for Failure to Allege the Necessary Elements of Copyright Infringement ............................16

C.   Count III for Trade Secret Misappropriation Must Be Dismissed for Failure to State a Claim.......................................................................................19

1.   Plaintiff's Trade Secret Misappropriation Claim is Barred by the Statute of Limitations .........................................................................................19

2.   Plaintiff's Trade Secret Misappropriation Claim Must be Dismissed for Failure to Allege the Necessary Elements of an Appropriation Claim............20

D.   Amendment is Futile....................................................................................22

CONCLUSION .......................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                          **Page(s)**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ...........................................................................11

Beta Pharma, Inc. v. Inventis Biotechnology (Shanghai) Co.,
2024 U.S. Dist. LEXIS 234823 (D.N.J. Dec. 31, 2024) ......................20

Bistrian v. Levi,
696 F.3d 352 (3d Cir. 2012) ...............................................................11

Bristol-Myers Squibb v. Superior Court of California,
582 U.S. 255 (2017) ...........................................................................12

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1985) ...........................................................................13

Charles Gendler & Co., Inc. v. Telecom Equip. Corp.,
102 N.J. 460 (N.J. 1986) .....................................................................12

Cowell v. Palmer Twp.,
263 F.3d 286 (3d Cir. 2001) ...............................................................22

Dam Things from Den. v. Russ Berrie & Co.,
290 F.3d 548 (3d Cir. 2002) .........................................................17, 18

Elite Neurophysiology LLC v. Blue Cross Blue Shield,
2025 LX 396087, at *3 (D.N.J. Aug. 18, 2025) ..................................10

Elmagin Capital, LLC v. Chao Chen,
2024 U.S. App. LEXIS 13608 (3d Cir. Mar. 21, 2024) .................20, 21

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
499 U.S. 340 (1991) ...........................................................................17

Ford Motor Co. v. Summit Motor Prods., Inc.,
930 F.2d 277 (3d Cir. 1991) ...............................................................18

Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,
  586 U.S. 296 (2019) ...........................................................................16

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009) ........................................................11, 12

Houser v. Feldman,
  569 F. Supp. 3d 216 (E.D. Pa. 2021) ...............................................20

Marina Grp. LLC v. Shirley May Int'l US Inc.,
  2022 U.S. Dist. LEXIS 224260 (D.N.J. Dec. 13, 2022) ....................19

Metcalfe v. Renaissance Marine, Inc.,
  566 F.3d 324 (3d Cir. 2009) ..............................................................10

Petrella v. Metro-Goldwyn-Mayer, Inc.,
  572 U.S. 663 (2014) ...........................................................................15

Roshan v. N.J. Inst. of Tech.,
  2025 U.S. Dist. LEXIS 166553 (D.N.J. Aug. 27, 2025) ..............14,  20

Tanksley v. Daniels,
  902 F.3d 165 (3d Cir. 2018) ..............................................................18

Transperfect Holdings LLC v. Pincus Credit Suisse Sec. USA LLC,
  2025 U.S. App. LEXIS 14886 (3d Cir. June 17, 2025) ......................23

Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,
  595 U.S. 178 (2022) ...........................................................................16

Vidal v. Tom Lange Co. Int'l, Inc.,
  2021 U.S. Dist. LEXIS 206144 (D.N.J. Oct. 26, 2021) ......................13

**Statutes**

17 U. S. C. §411 ......................................................................................16

17 U.S.C. § 507 ........................................................................................15

17 U.S.C. §102 ........................................................................................18

17 U.S.C. §103 ..............................................................................................18

17 U.S.C. §201 ..............................................................................................17

17 U.S.C. §410 ..............................................................................................17

17 U.S.C. §411 ..............................................................................................16

18 U.S.C. §1836 ............................................................................................20

18 U.S.C. §1839 ............................................................................................21

**Rules**

Federal Rules of Civil Procedure 12 ................................................<u>passim</u>

## <u>PRELIMINARY STATEMENT</u>

Defendant THOUGHTi Inc. ("THOUGHTi") files this motion to dismiss Count II for copyright infringement and Count III for trade secret misappropriation against THOUGHTi of the Third Amended Complaint (the "TAC"), filed by Dr. Azad Kabir ("Plaintiff") on October 6, 2025. (ECF Doc. ("Doc.") 95).[1]

Plaintiff's TAC sets forth a story, not supported by evidence or fact, that THOUGHTi, whose corporate predecessor Plaintiff had contracted with, provided WebMD access to his "proprietary medical database," (the "Database") constituting copyright infringement pursuant to the United States Copyright Act and trade secret misappropriation in violation of the Defend Trade Secrets Act ("DTSA"). Plaintiff alleges that WebMD used the Database to develop its Symptom Checker tool. Plaintiff's TAC has no basis of fact, however, the Court is not required to get to the merits as Plaintiff's TAC, Counts II and III, must be dismissed as to THOUGHTi for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

With respect to personal jurisdiction, THOUGHTi is a Delaware corporation with its headquarters located in Missouri. THOUGHTi has no physical or virtual

---

[1] Pursuant to Judge Padin's General Pretrial and Trial Procedures, revised July 8, 2025, ¶II(E)(i), THOUGHTi files its formal motion to dismiss in lieu of a pre-motion letter to dismiss, as Plaintiff is proceeding *pro se*.

presence in New Jersey, it does not direct business or advertising into New Jersey, and it does not target New Jersey consumers. Moreover, none of the facts alleged by Plaintiff occurred in or are connected to New Jersey, rather, as alleged in the TAC the work was largely performed in Mississippi. Accordingly, there is no basis to haul THOUGHTi into court in New Jersey, and they must be dismissed for lack of personal jurisdiction.

With respect to the substantive basis of Plaintiff's copyright infringement and trade secret misappropriation claims, both claims are governed by a statutorily defined three (3) year statute of limitations, which began to run as early as 2019 and at least by 2020. Accordingly, Plaintiff's claims are time barred and Counts II and III of the TAC must be dismissed in their entirety. Count II is also barred for failure to comply with the statutory prerequisite of obtaining and owning a copyright registration prior to filing suit. Finally, Plaintiff has failed to set forth sufficient factual allegations to establish an entitlement to relief. For all these reasons, and those more fully set forth below, THOUGHTi respectfully requests that this Court dismiss Plaintiff's TAC, Counts II and III, with respect to the claims pled against THOUGHTi.

## PROCEDURAL HISTORY

This action was originally filed by Doctor AI, LLC against WebMD LLC ("WebMD") on April 21, 2025, in the United States District Court, Middle District of Georgia (Doc. 1.) On May 8, 2025, Plaintiff filed a motion to appear *pro se*, which was construed by the District Court of Georgia as a motion to amend the complaint. (Doc. 4; Doc 6.) On May 15, 2025, the First Amended Complaint was filed, and Doctor AI, LLC was substituted for Plaintiff. On July 31, 2025, Plaintiff filed an "Emergency Motion," seeking leave to file an injunction against THOUGHTi (Doc. 16), which was denied (Doc. 18). On August 18, 2025, Plaintiff filed his Second Amended Complaint, which asserted claims against WebMD and THOUGHTi. (Doc. 34.)

On August 29, 2025, the District Court of Georgia ordered Plaintiff to show cause as to why the action should not be transferred to the District Court of New Jersey, (Doc. 53), and Plaintiff consented to the transfer (Doc. 54). The case was transferred to New Jersey on September 2, 2025. (Doc. 56.) Once transferred, Plaintiff filed a number of motions, including a motion to amend the complaint and file a TAC; each of these motions, with the exception of the motion to amend the complaint was denied. (Doc. 82.) Plaintiff's motion to file the TAC was granted as

unopposed on October 6, 2025, (Doc. 94), and Plaintiff filed the TAC later that day (Doc. 95).[2] This motion to dismiss follows.

## STATEMENT OF FACTS

### A. Plaintiffs' Allegations

Plaintiff alleges that he contracted with THOUGHTi beginning in 2017 to "perform engineering tasks requiring access to Plaintiff's database and proprietary algorithms." (Doc. 95 at ¶10.) It appears that, in August 2017, he contracted with THOUGHTi "through Upwork". (Doc. 59-2 at page 2 under "Section I. 2017" first paragraph.) This "contract" appears to be a work order placed with Anupam Das in August 2017, with the following description: "I need to integrate my software DDxRx.com with EPI EMR. Epic has Open.epic.com details about details. Both software needs to transfer selected data. DDxRx will receive demographic, vitals laboratory and medication list EPIC will receive progress notes." (Doc. 59-14.) This work is not alleged to have been completed pursuant to a confidentiality agreement or other formal agreement. Id. Notwithstanding, Plaintiff alleges that as early as August 2017, THOUGHTi was provided access to Plaintiff's Database, without any efforts to ensure confidentiality. (Doc. 59-2 at page 2.) The information provided to Mr. Patkar in 2017, which allegedly includes access to Plaintiff's Database, was

---

[2] At this time, Plaintiff has filed papers stating that he may seek leave to amend the pleadings further to file a fourth amended complaint. (Doc. 102) For the reasons stated in this motion to dismiss, any further amendment to the TAC is futile.

provided by an individual named Syed Rashid having the email address rashid.works@gmail.com. (Doc. 59-12.) Mr. Rashid is identified as a contributor to the Database. (Doc. 59-11 ¶¶ 3-5.)

Plaintiff alleges that several months later, in January 2018, Mr. Patkar visited him at his home in Mississippi, where he states they entered into an agreement governed by Mississippi law and which provided for jurisdiction in Mississippi. (Doc. 59-2 at page 3; Doc. 59-9.) This agreement, entitled "Intellectual Property and Inventions Assignment Agreement (Including Nondisclosure)" (the "NDA"), was entered into between The Essential Group Publishing LLC and THOUGHTi LLC, by and through Nilesh Patkar. (Doc. 59-9.) Plaintiff was not a party to the NDA, rather he appears to be an officer of The Essential Publishing Company. Id. The NDA identifies all intellectual property provided under the agreement as property of The Essential Publishing LLC. (Doc. 59-9.) Based on Plaintiff's timeline, Plaintiff had no further contact with THOUGHTi or Mr. Patkar after 2018 until sometime in 2024, when he began sending them confusing messages related to the claims of this suit.[3] (See Doc. 59-2, at pages 2-4.) He alleges that THOUGHTi "retained, copied, and

---

[3] Plaintiff submits with his TAC screenshots of his correspondence with Anupam Das, CEO of THOUGHTi, which Plaintiff alleges "confirm[s] THOUGHTi was involved in improvements of WebMD symptoms checker," (Doc. 59-2; 59-4; 59-5; 59-6.) Rather than "confirming" any involvement, these messages evidence miscommunication where Plaintiff is intentionally asking vague questions related to work he tells Mr. Das he needs completed for his own symptom checker.

commercialized," the dataset and algorithms, and that sometime "around 2017-2018," THOUGHTi transferred the Database, code, and methods to WebMD. (Doc. 95 at ¶12-13; <u>see also</u> Doc. 95 at ¶14 ("On information and belief, THOUGHTi, Inc. subsequently transferred Plaintiff's proprietary "database, code, and methods" to Defendant WebMD, LLC around 2017-2018.").) THOUGHTi denies all such allegations, and further has never worked with or for WebMD, nor provided WebMD with any information, proprietary or otherwise. (Declaration of Anupam Das, CEO of THOUGHTi ("Das Dec.") Dec., ¶10.) (See Doc 40-2 (Declaration of Abdallah Abuhussein, ¶11 ("I am not aware of, nor have I ever had any interactions with, a company called THOUGHTi LLC, nor the individuals allegedly associated with that company, Nilesh Patkar or Anupam Das.")

Plaintiff has identified 2019 as the year in which he became aware of the alleged infringement of his intellectual property. (Doc. 59-26, at Page 4 ("2019: DDXRX.com observes striking similarities between WebMD's "Symptom Checker" tool and its own patented technology, raising suspicions of unauthorized database usage and patent claim infringement.")[4] Alternatively, Plaintiff states that in 2020 he "discovered WebMD's Symptom Checker incorporated strikingly similar functionality, logic flows, and clinical mappings, consistent with Plaintiff's patent

---

[4] By as early as July 19, 2018, Plaintiff's pleading sets forth that Plaintiff emailed Anupam Das about Nilesh Patkar's alleged suspicious activity. (Doc.59-17.)

and database." (Doc. 95, ¶14.)  Plaintiff's pleading thus establishes that Plaintiff had actual knowledge of any alleged misappropriation and copyright infringement between 5 and 6 years prior to filing his complaint filed in April of 2025.

## B. **Jurisdictional Facts**

Plaintiff's Second Amended Complaint sets forth Plaintiff's allegation that Georgia had personal jurisdiction over THOUGHTi because it "purposefully directed activities into [that] District" through its alleged interaction with WebMD. (Doc. 30.) Plaintiffs' Third Amended Complaint similarly states that "The Court has personal jurisdiction over Defendants because WebMD markets and provides its "Symptom Checker" tool to New Jersey residents, and THOUGHTi, Inc. and JOHN DOE 1 (Believed to be OpenAI, Inc.) purposefully directed activities into this District by providing services to WebMD that relied on Plaintiff's intellectual property." (Doc. 95 at ¶7.)

Plaintiff's sole assertion as to jurisdiction over THOUGHTi is his belief that THOUGHTi has provided services to WebMD, which both WebMD and THOUGHTi deny. (See Doc 40-2 (Declaration of Abdallah Abuhussein, ¶11 ("I am not aware of, nor have I ever had any interactions with, a company called THOUGHTi LLC, nor the individuals allegedly associated with that company, Nilesh Patkar or Anupam Das."); Das Dec., ¶10.)

THOUGHTi is a Delaware corporation, with no property located in the State of New Jersey. (Das Dec., ¶¶2, 4, 6.) THOUGHTi's predecessor limited liability company, THOUGHTi LLC, was formed under the laws of Delaware on December 6, 2010. (Das Dec., ¶3, Ex. A.) On November 6, 2018, the LLC filed its Certificate of Conversion, incorporating THOUGHTi as a Delaware Corporation. (Das Dec., ¶4, Ex. B.) THOUGHTi does not have a physical corporate headquarters; it's former headquarters, which closed in 2022, was located in St. Louis, Missouri. (Das Dec., ¶5) THOUGHTi does not direct its activities into New Jersey: it does not target New Jersey consumers, it does not direct advertising into the State, it does not ship goods into the State, and it does not offer services in the State. (Das Dec., ¶¶7-9.)

Moreover, Plaintiff's interactions with THOUGHTi did not occur in New Jersey; they occurred in Mississippi and are governed by a contract which requires jurisdiction in Mississippi. (Doc. 59-2 at page 3; Doc. 59-9.)

### C. **Plaintiff's Alleged Intellectual Property Rights**

#### *1. Copyright*

Plaintiff alleges that he "owns copyrights in a proprietary medical database developed between 2011-2024, containing over 2,200 clinical features mapped to more than 15,000 diagnoses." (Doc. 95, ¶9.) Plaintiff does not clarify whether he is alleging infringement of multiple copyrights with multiple dates of creation, or if he

is alleging infringement of a single copyright completed in or around 2024.[5] Plaintiff further does not offer clarification as to which elements of his Database are alleged to be subject to copyright protection, nor how WebMD's Symptom Checker is alleged to have infringed on those rights.

With respect to the alleged copyright(s), Plaintiff provides a separate declaration (Doc. 59-11), which claims to lay out the history of the Database. Plaintiff alleges "copyright ownership over this database and its underlying architecture, including the schema, data structure, and diagnostic mapping." (Doc. 59-11, ¶8.)

As understood from the TAC, Plaintiff's copyright(s) are utilized by Doctor AI LLC (see Doc. 95, Count 3, ¶1 (referring to the Database as the "Doctor AI System"), and were allegedly provided to THOUGHTi by a contract with a separate entity, Essential Group Publishing, LLC (not Plaintiff). (Doc. 59-9.)

2. *Trade Secret*

Plaintiff appears to define his trade secrets similarly to his copyright(s), stating that he "developed and owns a proprietary medical database, algorithms, and related methods," which he defines as the "Doctor AI System," which he alleges has

---

[5] If the date of creation is after 2018, Plaintiff has not alleged that THOUGHTi had access to the Database after 2018.

independent economic value from not being known. (Doc. 95 at Count III, ¶I.) While the TAC states that Plaintiff "undertook reasonable measures to maintain the secrecy of these trade secrets," the exhibits and certifications incorporated by Plaintiff into his TAC makes it clear that Plaintiff provided THOUGHTi access to the Database in 2017, prior to the date the NDA was executed in 2018.

The trade secrets are also understood to be used by Doctor AI LLC (not Plaintiff) and provided to THOUGHTi by Essential Publishing LLC (not Plaintiff).

## STANDARD OF REVIEW

### A. Standard under 12(b)(2)

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). In reviewing a motion to dismiss for lack of personal jurisdiction, the Court accepts as true all well-pled factual allegations in a light most favorable to the non-moving party. Elite Neurophysiology LLC v. Blue Cross Blue Shield, 2025 LX 396087, at *3 (D.N.J. Aug. 18, 2025). Once a jurisdictional defense is raised, plaintiff bears the burden of establishing by competent evidence that jurisdiction is appropriate. Id.; see also Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) abrogated on other grounds as stated in Fesniak v. Equifax Mortg. Servs. LLC, 2015 U.S. Dist. LEXIS 66238, at *20 (D.N.J. May 20, 2015) (explaining that later precedent abrogated the Metcalfe Court's general jurisdiction analysis).

For the reasons set forth below, Plaintiff's TAC, Counts II and III, must be dismissed as to THOUGHTi for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**B. <u>Standard under 12(b)(6)</u>**

Federal Rule of Civil Procedure 12(b)(6) governs a dismissal for failure to state a claim for relief. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the complaint must "contain sufficient factual matter to state a claim that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim is facially plausible "when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Allegations must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

Federal courts use a two-part analysis to determine whether to dismiss a complaint. <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of the claim. The court must "accept as true all well-pled factual allegations"; draw all reasonable inferences in the plaintiff's favor; and may disregard any legal conclusions. <u>Bistrian v. Levi</u>, 696 F.3d 352 (3d Cir. 2012); <u>Fowler</u>, 578 F.3d at 210-11. The court must then determine whether the facts alleged in the complaint are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" <u>Id.</u> at 211 (<u>quoting</u> <u>Iqbal</u>, 556 U.S. at 679). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. See Fowler, 578 F.3d at 211.

For the reasons set forth below, Plaintiff's TAC, Counts II and III, must be dismissed as to THOUGHTi for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL ARGUMENT

### A. The TAC Must be Dismissed as to THOUGHTi for Lack of Personal Jurisdiction

Federal Courts in New Jersey exercise personal jurisdiction in accordance with New Jersey State law, which provides for jurisdiction to "the uttermost limits permitted by the United States Constitution." Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 102 N.J. 460, 469 (N.J. 1986) (internal citations omitted). Personal jurisdiction is established through either general jurisdiction or specific jurisdiction. Bristol-Myers Squibb v. Superior Court of California, 582 U.S. 255, 262 (2017).

General jurisdiction over a company exists in its state of incorporation, in the state of its principal place of business, or where its business dealings are "so 'continuous and systematic' as to render [it] essentially at home in the forum state."

Id. at 271 (quoting Goodyear Dunlop Tires Operations, S. A. v. Brown, 564 U. S. 915, 919 (2011)). Plaintiff has not alleged that general jurisdiction exists as to THOUGHTi, nor can he. THOUGHTi is a Delaware corporation, with no connection to New Jersey.

Specific jurisdiction exists where a defendant has "purposefully directed his activities at residents of the forum . . . . and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal citations omitted). Plaintiff has not alleged any conduct of THOUGHTi that was directed to the State of Jersey, or residents of the State of New Jersey. Plaintiff does not allege that he is a New Jersey resident, or that he performed any work on the Database in New Jersey. Indeed, Plaintiff was located in Mississippi at the time that he initially contacted THOUGHTi in 2017. (see Doc. 59-11 at page 7 (contract listing Plaintiff's address in Biloxi, Mississippi)), and the contract between the parties calls for jurisdiction in Mississippi.[6] It appears that the

---

[6] While Plaintiff's claims do not sound in contract, the contract provides a separate basis to conclude that jurisdiction is not appropriate in New Jersey. Vidal v. Tom Lange Co. Int'l, Inc., 2021 U.S. Dist. LEXIS 206144, at *8 (D.N.J. Oct. 26, 2021) ("The law is well-settled that forum selection clauses are to be strictly enforced, entitled to great weight, and presumptively valid and enforceable." (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983)).

only link between this case and New Jersey is a separate Defendant, whom THOUGHTi has no, and never has, interactions or involvement with.

As there is no personal jurisdiction in New Jersey, THOUGHTi respectfully requests that the TAC be dismissed as to THOUGHTi.

### B. <u>Count II for Copyright Infringement Must be Dismissed for Failure to State a Claim</u>

*1. <u>Plaintiff's Copyright Infringement Claim is Barred by the Statute of Limitations</u>*

A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) where the claims are barred by the statute of limitations if "it is clear from the face of the complaint that the plaintiff's claims are untimely." <u>Roshan v. N.J. Inst. of Tech.</u>, 2025 U.S. Dist. LEXIS 166553, at *22 (D.N.J. Aug. 27, 2025) (internal citations omitted). The Third Circuit allows a statute of limitations to be tolled until "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis of the claim." <u>Id.</u> at *23 (quoting <u>William A. Graham Co. v. Haughey</u>, 568 F.3d 425, 438 (3d Cir. 2009)). The statute of limitations for claims brought under the Copyright Act is three years. 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced

within three years after the claim accrued."); see also Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014).[7]

Plaintiff's TAC unequivocally establishes that Plaintiff suspected and became aware of the alleged copyright infringement as early as 2019, but not later than 2020. Accordingly, on the face of Plaintiff's TAC, his claims are time barred and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Gilliams v. Universal Music Grp., 2024 U.S. App. LEXIS 9628, at *2 (3d Cir. Apr. 22, 2024) (affirming dismissal with prejudice where copyright claims were barred by the statute of limitations); Bruss v. Berger, 2008 U.S. Dist. LEXIS 96054, at *9 (D.N.J. Nov. 21, 2008) (dismissing copyright claims with prejudice where it was clear from the face of the *pro se* litigant's complaint that the claim was clearly barred by the Copyright Act's statute of limitations).

---

[7] While a *pro se* litigant may be provided more latitude than a represented party, their claims may be dismissed when it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 346 (D.N.J. 2003) (internal citations omitted); see also Bruss v. Berger, 2008 U.S. Dist. LEXIS 96054, at *9 (D.N.J. Nov. 21, 2008) (dismissing copyright claims of a pro se litigant for failure to timely bring claims within the statutory period).

2.  *Plaintiff's Copyright Infringement Claim Must be Dismissed for Failure to Meet Statutory Prerequisites to Suit*

Federal law, and the Supreme Court of the United States precedent interpreting it, are abundantly clear that a copyright registration is a requirement in order to bring a claim of infringement under the Copyright Act. 17 U.S.C. §411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 595 U.S. 178, 181 (2022) (stating that registration is "a prerequisite for 'bringing a civil action for infringement' of a copyrighted work" (citing 17 U. S. C. §411(a)); Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 299 (2019) ("We hold . . . that registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright."). Plaintiff has not alleged nor provided any facts regarding the registration of his purported copyright with the Copyright Office. Accordingly, Plaintiff's cause of action for copyright infringement must be dismissed for failure to state a claim.

3.  *Plaintiff's Copyright Infringement Claim Must be Dismissed for Failure to Allege the Necessary Elements of Copyright Infringement*

In order to state a claim for copyright infringement, Plaintiff must adequately allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements

of the work that are original." <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991); <u>see also</u> <u>Dam Things from Den. v. Russ Berrie & Co.</u>, 290 F.3d 548, 561-62 (3d Cir. 2002) ("There are two essential elements: ownership of copyright, and copying by the defendant."). Plaintiff has not adequately pled either element.

### a) Ownership of a Valid Copyright

As set forth above, Plaintiff has failed to provide a copyright registration for the allegedly infringed materials. Accordingly, he has failed to provide *prima facie* evidence of ownership. 17 U.S.C. §410(c).

Based upon the facts set forth in the TAC, even assuming registration, Plaintiff is not the sole author of Database, as alleged in his complaint. 17 U.S.C. §201(a) ("Copyright in a work protected under this title vests initially in the author *or authors* of the work. The authors of a joint work are co-owners of copyright in the work.") This is further complicated by the fact that the record shows that two separate corporate entities, Doctor AI LLC and Essential Group Publishing have, at various times, represented themselves as the owners of the Database and its intellectual property. The facts as asserted in Plaintiff's complaint do not establish who owns the allegedly copyright(s).

Moreover, because Plaintiff does not set forth which aspects of the Database are protectable by copyright, Plaintiff has failed to set forth the existence of a valid

17

copyright. Copyright protection can extend to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. §102(a). However, "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. §102(b). Notwithstanding, copyright protection can extend to the organization or presentation of information, however, that protection excludes the underlying facts, data, or pre-existing work. See 17 U.S.C. §103(b).

Plaintiff's complaint fails to articulate the elements of his copyright, versus the existence of his Database. Accordingly, he has not articulated a valid copyright. Because Plaintiff's TAC fails to set forth ownership of a valid copyright, Count II of the TAC must be dismissed for failure to state a claim.

b) *Copying of Constituent Elements of the Work that are Original*

Copying is demonstrated "when someone who has access to a copyrighted work uses material substantially similar to the copyrighted work in a manner which interferes with a right" protected by the Copyright Act. Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291 (3d Cir. 1991); see also Damn Things from Den., 290 F.3d at 561-62. Substantial similarity asks "whether 'a lay-observer' would believe that the copying was of protectible aspects of the copyrighted work." Tanksley v. Daniels, 902 F.3d 165, 174 (3d Cir. 2018) (internal citations omitted).

18

This requires a side-by-side comparison of only those elements which can be copyrighted and excluding the unprotectable elements. Id. at 174-175.

Plaintiff's TAC fails to set forth any detail regarding what element or elements of his Database are subject to copyright protection, as well as what element or elements were copied. It is accordingly impossible to determine whether substantial similarity exists. Plaintiff's TAC has therefore failed to set forth the element of copying and should be dismissed for failure to state a claim. See Marina Grp. LLC v. Shirley May Int'l US Inc., 2022 U.S. Dist. LEXIS 224260, at *17-18 (D.N.J. Dec. 13, 2022) (dismissing a copyright claim where plaintiff failed to "identify what copyrighted material Defendants allegedly copied, reproduced or expropriated, and whether that material is subject to a valid copyright.")

### C. Count III for Trade Secret Misappropriation Must Be Dismissed for Failure to State a Claim

#### 1. *Plaintiff's Trade Secret Misappropriation Claim is Barred by the Statute of Limitations*

As set forth above, a complaint can be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the claims are clearly barred by the statute of limitations based upon the face of the complaint. Roshan v. N.J. Inst. of Tech., 2025 U.S. Dist. LEXIS 166553, at *22 (D.N.J. Aug. 27, 2025) (internal citations omitted). The DTSA provides a three year statute of limitations on trade secret misappropriation,

which begins to run from the date the alleged appropriation "is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. §1836(d).

Plaintiff's TAC unequivocally establishes that Plaintiff suspected trade secret misappropriation as early as 2019, but not later than 2020, and has alleged he was suspicious of it as early as 2018. Accordingly, on the face of Plaintiff's TAC, his claims are time barred and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Beta Pharma, Inc. v. Inventis Biotechnology (Shanghai) Co., No. 23-cv-21047-ESK-EAP, 2024 U.S. Dist. LEXIS 234823, at *12 (D.N.J. Dec. 31, 2024) (dismissing a complaint where the plaintiff's complaint indicated they were on notice of alleged misappropriation more than three years before instituting suit); Houser v. Feldman, 569 F. Supp. 3d 216, 226 (E.D. Pa. 2021) (dismissing a DTSA claim with prejudice where it was "clear from the face of the complaint that the statute of limitations had run" prior to filing).

2. *Plaintiff's Trade Secret Misappropriation Claim Must be Dismissed for Failure to Allege the Necessary Elements of an Appropriation Claim*

To set forth a claim under the DTSA, a plaintiff must sufficiently allege "(1) the existence of a trade secret, (2) that the trade secret was protectible, and (3) that it was misappropriated by the defendant." Elmagin Capital, LLC v. Chao Chen, 2024 U.S. App. LEXIS 13608, at *4-5 (3d Cir. Mar. 21, 2024).

Similar to the issues with his Copyright claims, Plaintiff has not set forth facts to conclude that he is the "owner" of the alleged trade secrets. Under the DTSA, the "owner" of a trade secret is the "person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." 18 U.S.C. §1839(4). Plaintiff originally filed this action in the name of Doctor AI LLC, who also asserted a trade secret right over the Database. Moreover, Plaintiff allegedly provided access to the Database through Essential Group Publishing LLC.

Moreover, Plaintiff fails to allege the existence of a trade secret. A "trade secret" includes "all forms and types of financial, business, scientific, technical, economic, or engineering information," if "the owner thereof has taken reasonable measures to keep the information secret," and "the information derives economic value . . . from not being generally known to, and not being readily ascertainable through proper means, by another person." 18 U.S.C. 1839(3).

Plaintiff must "define his trade secret with sufficient particularity . . . to permit the defendant to ascertain  . . the boundaries within which the secret lies." Id. (internal citations omitted). Elmagin Capital, LLC v. Chao Chen, 2024 U.S. App. LEXIS 13608, at *5. This requirement is particularly important in this instance, where Plaintiff has described his copyrights and his trade secrets as being similar or overlapping, and further overlapping with the methods set forth in his patent. Plaintiff's TAC asserts in a conclusory fashion that the trade secrets derive

21

independent economic value, however, no facts are alleged which support that assertion.

Finally, Plaintiff's TAC makes it clear that he provided THOUGHTi access to the Database without any concern for alleged confidentiality in August 2017, several months before the NDA was executed. Accordingly, Plaintiff has not taken reasonable steps to protect the confidentiality of the alleged trade secrets—while he belatedly attempted to cure his fatal error in 2018 by entering into an NDA, he first provided access to alleged trade secrets through an online freelance platform in August of 2017.

Because Plaintiff has failed to adequately allege each element necessary for a claim under the DTSA, Plaintiff's Count III should be dismissed for failure to state a claim.

## D. **Amendment is Futile**

As Count II and Count III are barred by the relevant statute of limitations, and further because Count II is barred by Plaintiff's failure to satisfy the statutory prerequisites to suit, THOUGHTi requests that Plaintiff's TAC be dismissed with prejudice and without the right to replead. These issues cannot be resolved through additional factual assertions. Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) (affirming dismissal with prejudice and without leave to amend where the claim "would not be able to overcome the statute of limitations, and any amendment

of the complaint would have been futile"); <u>Transperfect Holdings LLC v. Pincus Credit Suisse Sec. USA LLC</u>, 2025 U.S. App. LEXIS 14886, at *9 (3d Cir. June 17, 2025) (affirming the denial of leave to amend where it was clear from the face of the complaint that the claims were barred by the statute of limitations).

## <u>CONCLUSION</u>

For the reasons set forth above, defendant THOUGHTi requests that the Court dismiss Counts II and III of Plaintiff's TAC as to defendant THOUGHTi.

Respectfully Submitted,
 /s/ Wendi Opper Uzar
Wendi Opper Uzar, Esq.

Dated: November 3, 2025