NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AZAD ALAMGIR KABIR,<br><br>    Plaintiff,<br><br>    v.<br><br>WEBMD LLC, THOUGHTi LLC, and JOHN DOE 1,<br><br>    Defendants. | No. 25cv15207 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon *pro se* Plaintiff Azad Alamgir Kabir's attempt to directly communicate with the Undersigned in violation of the Federal Rules of Civil Procedure, this District's Local Rules, the Undersigned's Judicial Preferences, the Procedural Guide for *Pro Se* Litigants,[1] this District's E-Filing Policies and Procedures,[2] and this District's Alternate Document Submission ("ADS") Filing Guidance,[3] all of which require communications with this Court to be served and filed on the docket. Plaintiff has also submitted two motions seeking to vacate prior orders issued by this Court, obtain direct CM/ECF filing access, schedule for a

---

[1] UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, THE PROCEDURAL GUIDE FOR PRO SE LITIGANTS, https://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf (last accessed January 16, 2026) (hereinafter the "Procedural Guide for *Pro Se* Litigants") at 24 (emphasis in original).

[2] UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, E-FILING POLICIES AND PROCEDURES, https://www.njd.uscourts.gov/sites/njd/files/PoliciesandProcedures2014.pdf (last visited January 16, 2026) (hereinafter "E-Filing Policies and Procedures").

[3] UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, ADS – PRO SE SUBMISSION SYSTEM, https://www.njd.uscourts.gov/ads-%E2%80%93-pro-se-submission-system (last visited January 16, 2026) (hereinafter "ADS Technical Rules").

telephonic conference to discuss his technical difficulties, and compel the docketing of his submissions. D.Es. 158 & 165.[4]

Because Plaintiff has repeatedly attempted to circumvent various applicable rules, this Court will **REVOKE** Plaintiff's privileges of submitting documents through ADS. This Court will also **DENY** Plaintiff's pending Motion *with prejudice*. In addition, the Court has reviewed Plaintiff's multiple and voluminous filings and cautions Plaintiff that as the Court decides the pending motions to dismiss, D.Es. 104 & 105, further misconduct may result in the imposition of a pre-filing injunction or another sanction.

I.    BACKGROUND

Plaintiff filed this action against Defendants WebMD, LLC, THOUGHTi LLC, and John Doe for patent infringement, copyright infringement, and trade secret misappropriation. D.E. 95 ("Third Amended Complaint") ¶¶ 22-23. Plaintiff alleges he is the creator and owner of proprietary databases containing features that Defendants are using without Plaintiff's authorization. *Id.* In support of his case, Plaintiff has filed several motions seeking emergent relief, *see, e.g.*, D.Es. 16, 17, 28, and numerous other lengthy motions and exhibits, *see, e.g.*, D.Es. 60, 64, 67-70, 72-75, 78, 101, 112, 115, 119; *see also* D.Es. 82 & 110, *see generally* Dkt.

In submitting his filings, Plaintiff has repeatedly attempted to file documents that do not comply with either this District's Local Rules, the Federal Rules of Civil Procedure, the Undersigned's Judicial Preferences, the E-Filing Policies and Procedures, or the ADS Technical Rules. *See, e.g.*, Dkt. at November 21, 2025, November 24, 2025, November 25, 2025, December

---

[4] It appears that Plaintiff has filed his motion twice: once through the ADS system and once through physical drop off. The Court will therefore refer to both D.E. 158 and D.E. 165 as a single "Motion."

1, 2025, December 4, 2025, December 9, 2025; *see also* D.Es. 110 & 157.  As a result of Plaintiff's non-compliance, some of his filings cannot be docketed.  *See* D.Es. 153 & 163.

On January 6, 2026, Plaintiff contacted the Chief Judge of the District Court, the Hon. Renée Marie Bumb, for assistance filing documents that do not comply with the ADS system.  *See* D.E. 170.  On January 15, 2026, at 1:21 AM, Plaintiff directly emailed the Undersigned notice that he was seeking to petition the Third Circuit for a writ of mandamus seeking to compel this Court to permit Plaintiff to file submissions that have otherwise been undocketed by the Clerk of Court for failure to comply with the ADS Technical Rules.

In his Motion, Plaintiff requests (1) a teleconference with the Court to address his CM/ECF issues; (2) that this Court's prior order be altered or amended to reflect the submission dates of Plaintiff's filings (as opposed to their docketing dates)[5]; (3) that this Court's prior orders at D.Es. 155 and 157, which instructed Plaintiff to comply with the rules and provided him extensions to do so, be vacated; and (4) that his request, at D.E. 75, to directly file his submissions on the docket be granted.  Motion at 11-12.

## II.    RELEVANT RULES APPLICABLE TO *PRO SE* PLAINTIFFS

### A.    The Undersigned's Judicial Preferences

Section I.C (Preliminary General Matters: *Pro Se* Litigants) of the Undersigned's Judicial Preferences explicitly contains, in relevant part, the following guidelines:

> *Pro se* (unrepresented) litigants are advised that *ex parte* (one-sided) and/or personal communications and submissions are not advised and will generally not be accepted.  All substantive correspondence with the Court should be filed on the CM/ECF docket.  Any writings sent to the Court will generally be posted on the public CM/ECF docket.

---

[5] Plaintiff's submission dates are already reflected by the docket.

Section I.D (Preliminary General Matters: Correspondence with the Court) of the Undersigned's Judicial Preferences further explains:

> Before corresponding with the Court, litigants must consult the relevant rules for the Third Circuit, the District of New Jersey, this document, and the docket on the CM/ECF system. In general, communications with the Court should be made through the CM/ECF, *not* by fax, email, or phone call to chambers. Every communication requesting the Court's input must indicate the requesting party's efforts to first confer with the other party(ies) to resolve the matter.

**B.    This District's Local Rules**

Local Civil Rule 5.2.4 explains that "[a] party who is not represented by counsel must file documents with the Clerk as a Paper Filing."

**C.    E-Filing Policies and Procedures**

This District's E-Filing Policies and Procedures also require that "[a] party who is not represented by counsel must file documents with the Clerk as a Paper Filing." E-Filing Policies and Procedures at 2.

**D.    The Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 5(d)(3)(B) explains that:

"A person not represented by an attorney:

(i)     may file electronically only if allowed by court order or by local rule; and
(ii)    may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions."

**E.    Using the Alternative Document Submission System**

The Technical Rules for using the ADS system specify that "[a]s with any document submitted in federal court, documents submitted through ADS must comply with all relevant local and federal rules. . . . For additional guidance please refer to the Procedural Guide for Pro Se Litigants." ADS Technical Rules.

The ADS Technical Rules for using the ADS system further instructs: "If you are submitting documents using ADS, **do not** mail additional copies of those documents to the Clerk's

Office." *Id.* (emphasis in original). It continues on to warn that "[t]he ADS system is provided for your convenience. The privilege of submitted a document through ADS may be revoked due to continuous non-compliance of the ADS filing guidelines." *Id.*

### F. Procedural Guide for Pro Se Litigants

The Procedural Guide for *Pro Se* Litigants states that "[a]ll original papers submitted for consideration for consideration to the Court are to be filed with the **Clerk of this Court**. . . . Any request for court action shall be set forth in a motion, properly filed and served." Procedural Guide for *Pro Se* Litigants at 24.

The Procedural Guide for *Pro Se* Litigants further states that "*[n]o direct communication is to take place with the District Judge or United States Magistrate Judge with regards to this case*. **All relevant information and papers are to be directed to the Clerk**." *Id.* (italics added).

## III. DISCUSSION

The aforementioned rules make clear that unrepresented parties may file their submissions only through the Clerk of Court. *See, e.g.*, L. Civ. R. 5.2.4; E-Filing Policies and Procedures at 2; Procedural Guide for *Pro Se* Litigants at 24. There are no exceptions. Nor is there any requirement that unrepresented parties be granted electronic access for filing. Fed. R. Civ. P. 5(d)(3)(B); Procedural Guide for *Pro Se* Litigants at 24. The Court will therefore **DENY** Plaintiff's request to file directly through CM/ECF *with prejudice*. The Court will also **DENY** Plaintiff's request that this Court file his submissions itself *with prejudice* as Plaintiff must go through the Clerk of Court.

Moreover, use of the ADS system to submit filings electronically is a privilege. ADS Technical Rules. Plaintiff, however, has abused the ADS system and burdened the Clerk of Court with numerous filings that are not capable of being docketed. *See, e.g.*, Dkt. at November 21, 2025, November 24, 2025, November 25, 2025, December 1, 2025, December 4, 2025, December 9, 2025; *see also* D.Es. 110 & 157. In attempts to circumvent the limitations required by the ADS

system, Plaintiff has filed some of his submissions through both the ADS system and via paper in direct violation of the ADS Technical Rules, which prohibits unrepresented parties from mailing additional copies of filings that have already been submitted via ADS. ADS Technical Rules. *See, e.g.*, Motion; D.E. 170 (acknowledging the "receipt of multiple, redundant communications to the Clerk's Office asserting your complaints about ADS").

This Court has repeatedly warned Plaintiff that it will not consider undocketed submissions. *See* D.Es. 138, 155, 157. Yet, in another attempt to communicate with this Court without complying with the submission rules for docketing, Plaintiff has even gone as far as directly contacting both the Chief Judge of this District and the Undersigned in direct contravention of the Undersigned's Judicial Preferences and the Procedural Guide for *Pro Se* Plaintiffs. *See* Section I.C. of the Undersigned's Judicial Preferences; Procedural Guide for *Pro Se* Plaintiffs at 24. The Court will therefore **REVOKE** Plaintiff's ADS privileges and will instruct the Clerk of Court not to docket any ADS submissions made by Plaintiff. Plaintiff must submit his filings through paper copy or must otherwise seek representation who can file documents electronically on his behalf. The Court will also **DENY** *with prejudice* Plaintiff's repeated requests for a teleconference with this Court to discuss his issues with the ADS system. If Plaintiff has questions about paper filing, he may contact the Clerk of Court.

Next, Plaintiff also requests that the Court vacate prior orders instructing Plaintiff that he must comply with the various rules. Those orders not only made clear that Plaintiff must comply with the aforementioned rules, they provided him with extensions to file oppositions to Defendants' pending motions to dismiss that comply with the applicable rules. *See, e.g.*, D.E. 157. Plaintiff has since filed one opposition that appears to comply with this District's Local Rules. *See* D.Es. 159. The Court will not vacate the extensions it has granted Plaintiff or its instruction that

he must comply with applicable rules. Accordingly, the Court will **DENY** Plaintiff's request to vacate its prior orders ***with prejudice***.[6]

Plaintiff's latest opposition to THOUGHTi's Motion to Dismiss, however, does not comply with the aforementioned rules or with this Court's prior orders because it relies on hallucinated quotations. *See, e.g.*, D.E. 159 at 24-25 (citing non-existent *Fairfield Indus. v. EP Energy E&P Co.*, No. 20-2753, 2021 WL 5495573 (S.D. Tex. Nov. 22, 2021)); D.Es. 117 & 138. This Court has already warned Plaintiff that "[h]allucinated citations will not be excused, and the Court may sanction Plaintiff for further uses of hallucinated citations." D.E. 117; *see* D.E. 138 ("The Court reiterates its previous warning that hallucinated citations will not be permitted under any circumstances.").[7] If Plaintiff continues to inappropriately subject this Court to a barrage of filings, directly contact the Undersigned, and/or rely on hallucinated citations or on the undisclosed use of generative artificial intelligence, Plaintiff may be subject to a pre-filing injunction or another sanction that this Court deems appropriate.

### IV.   CONCLUSION AND ORDER

For the reasons previously set forth,

**IT IS** on this 3rd day of February 2026,

**ORDERED** that Plaintiff's Alternate Document Submsision privileges are **REVOKED**; and it is further

**ORDERED** that the Clerk of Court will not docket any filing submitted by Plaintiff through the Alternate Document Submission system; and it is further

---

[6] If Plaintiff seeks to file a motion for relief from a judgment or a motion for reconsideration, he must file a motion consistent with Federal Rules of Civil Procedure 59 and 60.

[7] The Undersigned therefore struck Plaintiffs' filing. *See* Dkt.

**ORDERED** that all of Plaintiff's requests in his Motion, D.E. 158 & D.E. 165, are **DENIED** *with prejudice*.

_____
Evelyn Padin, U.S.D.J.