NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AZAD ALAMGIR KABIR, | |
| Plaintiff, | |
| v. | No. 25cv15207 (EP) (JSA) |
| | **MEMORANDUM ORDER** |
| WEBMD LLC *et al.*, | |
| Defendants. | |

**PADIN, District Judge**

Before the Court is the motion filed by *pro se* Plaintiff Azad Alamgir Kabir for recusal of the Undersigned pursuant to 28 U.S.C. §§ 144 and 455. D.E. 204 ("Motion" or "Mot."). The Court has reviewed Plaintiff's Motion and decides it without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court will **DENY** Plaintiff's Motion.

**I.     BACKGROUND**

The basis of Plaintiff Motion is claims of this Court's "documented pattern of systematic document suppression, unauthorized revocation of procedural rights, and a manifest bias that has created an insurmountable 'procedural vacuum' for the pro se litigant." Mot. at 1. To support that position, Plaintiff points to several of this Court's rulings and orders, including orders rejecting Plaintiff's submissions, D.E. 192, which revoked Plaintiff's ADS filing privileges, and other orders with which Plaintiff apparently disagrees. *See, e.g.*, Mot. at 8, 11–13. Plaintiff argues that these rulings and orders demonstrate that the Undersigned has engaged in bias and impartiality against him. *Id.* at 12–13, 18. Plaintiff also asserts the Undersigned has a "financial conflict of interest"

in future Defendant, Google, which Plaintiff seeks to formally join in a Fifth Amended Complaint. Mot. at 9.

## II.    DISCUSSION

A determination regarding recusal lies within the discretion of the trial judge. *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985). Two federal statutes govern judicial recusal. *See Partyka v. Meza*, No. 11-3316, 2011 WL 2580105, at *1 (D.N.J. June 27, 2011). Plaintiff seeks recusal of the Undersigned pursuant to both statutes.

The first statute, 28 U.S.C. § 455, provides in pertinent part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (citation modified). Judges must also disqualify themselves "[w]here [they have] a personal bias or prejudice concerning a party." § 455(b)(1). "A recusal motion must be based on objective facts, not mere possibilities and unsubstantiated allegations." *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (citation modified).

The second statute, 28 U.S.C. § 144, mandates recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." A "substantial burden is imposed on the party [seeking recusal under § 144] to demonstrate that the judge is not impartial." *Frolow v. Wilson Sporting Goods Co.*, No. 5-4813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (citation modified). "In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with

2

particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Id.* (citing *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal"). "Under either statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Shaikh v. McMahon*, No. 20-20008, 2023 WL 2433885, at *1 (D.N.J. Mar. 9, 2023) (quoting *Liteky*, 510 U.S. at 555 (1994)).

Plaintiff's support for his Motion primarily lies in disagreement with Court rulings and orders, including delays in processing Plaintiff's filings through the ADS system and orders striking filings that did not comply with previous Court orders, which eventually culminated in revoking Plaintiff's access to ADS filing privileges. *See*, *e.g.*, Mot. at 2–5, 7–8, 12. Plaintiff alleges such Orders demonstrated bias and were a "strategic effort to suppress Complainant's voice while granting corporate Defendants a narrative monopoly over the proceedings." *See* Mot. at 8–9. But Plaintiff does not assert evidence to support recusal under either statute.

*First*, Plaintiff has not demonstrated "objective facts" that would suggest to a reasonable person that bias exists to warrant recusal under § 455. *Jacobs*, 311 F. App'x at 537. For example, Plaintiff argues that "the Court and Defendant engaged in a coordinated effort to exploit one

3

hallucinated case law citation in [Plaintiff's] initial filings (arising from AI-assisted drafting) to justify sanctions." Mot. at 6. But Plaintiff does not present any objective facts that suggest *how* the Court and Defendants allegedly coordinated, which would demonstrate bias to a reasonable person. *Jacobs*, 311 F. App'x at 537. Further, Plaintiff has not demonstrated such objective facts to support the position that the Undersigned has a financial conflict of interest in Google, which would present "impartiality [that] might reasonably be questioned." 28 U.S.C. § 455.

*Second*, Plaintiff has not met his burden to show that recusal is appropriate under § 144. Plaintiff points to delays in his filings being uploaded to the docket, to the Court's orders striking his filings for non-compliance with previous Court orders, and to the Court's Order, D.E. 192, revoking his ADS filing privileges. Mot. at 12. But these Court rulings do not "convince a reasonable [person] that a bias exists" or "show the bias is personal, as opposed to judicial, in nature." *Frolow*, 2011 WL 1337513, at *2 (citing *Thompson*, 483 F.2d at 528). Plaintiff's arguments also do not show how the Undersigned engaged in any extrajudicial conduct or displays a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Shaikh*, 2023 WL 2433885, at *1. Put simply, Plaintiff fails to establish any legitimate basis for the Undersigned's recusal.

As such, Plaintiff does not present a valid basis for the Undersigned's recusal under § 144 or § 455.

### III.    CONCLUSION

For the reasons stated above,

**IT IS**, on this **10th** day of June, 2026,

**ORDERED** that Plaintiff's Motion, D.E. 204, is **DENIED**; and it is finally

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.