**UNITED STATES DISTRICT COURT**

RECEIVED
OCT 06 2026
AT 8:30 ______ M
CLERK, U.S. DISTRICT COURT - DNJ

DISTRICT OF NEW JERSEY

**Dr. Azad Alamgir Kabir,**

Plaintiff Pro Se,

v.

**WebMD LLC, Thoughti Inc., Nilesh Patkar, and John Doe 1 (believed to be OpenAI, Inc.)**

Defendants.

Civil Action No. 2:25-cv-15207 (EP) (JSA)

---

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW FOR ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3)**

**1.** Plaintiff, proceeding *pro se*, respectfully moves this Honorable Court for an Order authorizing alternative service of the Summons and Complaint upon Defendant Nilesh Patkar ("Defendant Patkar") by serving Defendant Patkar's co-defendant and counsel of record, Wendy Uzar, Esq. / Thoughti, Inc., pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

**I. STATEMENT OF FACTS**

**2.** Defendant Patkar is an individual residing in India.

**3.** The address—C-502 Venus CHS. Ltd., Suncity Complex, Nr. Gandhi Nagar, Powai, Mumbai 400076, India—was obtained directly from Defendant Patkar's passport.

**4.** Plaintiff has no knowledge of his current physical address or exact whereabouts beyond this passport listing, given that he resides abroad in India.

**5.** Defendant Thoughti, Inc. is an entity doing business within this judicial district, represented in these proceedings and corporate operations by Defendant Wendy Uzar.

**6.** Upon information and belief, Defendant Uzar maintains regular and direct business and legal communications with Defendant Patkar regarding the matters underlying this litigation.

**7.** Effecting service in India through foreign judicial channels or the Central Authority under the Hague Service Convention presents substantial operational delays, administrative burdens, and uncertainty regarding local private process service mechanisms.

**8.** Because Defendant Uzar and Thoughti, Inc. maintain active, ongoing communications with Defendant Patkar, service upon Defendant Uzar will reliably provide Defendant Patkar with actual notice of this action.

**9.** On July 26, 2026, at 1:36 PM, Plaintiff sent an email request to defense counsel Wendi Opper Uzar asking whether she could receive the summons or not. On July 27, 2026, she responded stating, "We do not presently represent Mr. Patkar in his individual capacity". Also on September 18, 2026, Plaintiff made another email request, and Ms. Uzar responded via email on September 22, 2026, stating, "At this time, our firm does not yet represent Mr. Patkar and remains without authorization to accept service of a summons and complaint on his behalf".

**II. ARGUMENT**

**10. Alternative Service Under Rule 4(f)(3) Is Authorized and Committed to Court Discretion:** Federal Rule of Civil Procedure 4(f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."

**11.** Courts within the Third Circuit have recognized that service under Rule 4(f)(3) is neither a "last resort" nor extraordinary relief; rather, it stands on equal footing with other methods of

service under Rule 4(f). *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Court authorization under Rule 4(f)(3) requires only that the proposed method is not prohibited by international agreement and satisfies constitutional due process.

**12. Service Upon Domestic Counsel/Co-Defendant Satisfies Constitutional Due Process:** To satisfy due process, the alternative method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**13.** In Defendants' Reply Brief in Support of the Motion to Dismiss the Third Amended Complaint, Defense Counsel Wendi Opper Uzar, Esq. (representing Defendant Thoughti, Inc.), alleged that Defendant Nilesh Patkar has a nickname, "Neil Pro." In addition, Ms. Uzar verified Defendant Patkar's signature on three non-disclosure agreements (NDAs) signed by him. This specific, localized knowledge demonstrates that Counsel maintains direct, ongoing communication and an established professional relationship with Defendant Patkar. Such active communication confirms that serving process upon Counsel at her New Jersey firm will reliably apprise Defendant Patkar of these proceedings and satisfy constitutional due process requirements under Federal Rule of Civil Procedure 4(f)(3).

**14.** Federal courts routinely permit alternative service under Federal Rule of Civil Procedure 4(f)(3) via means reasonably calculated to apprise a foreign defendant of the action, including through domestic entities or co-defendants closely linked to the foreign party. See, e.g., Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (noting that Rule 4(f)(3)

empowers courts to fashion custom methods of service tailored to the circumstances of the case).

**15. Avoidance of Undue Delay and Hardship:** Requiring formal service through foreign administrative processes in India would impose significant delay—often exceeding six to twelve months—and cause severe hardship to the efficient administration of justice. Courts frequently exercise their discretion under Rule 4(f)(3) to bypass such protracted foreign service procedures when a domestic intermediary capable of delivering notice is readily available.

**III. CONCLUSION**

**16.** For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order authorizing Plaintiff to effect service of process upon Defendant Nilesh Patkar by serving the Summons and Complaint upon Wendy Uzar / Thoughti, Inc. via certified mail or hand delivery at their New Jersey address.

**Respectfully submitted,**

Azad Kabir

**/s/ Azad Alamgir Kabir**

Azad Kabir

Azad Alamgir Kabir, MD

Pro Se Plaintiff

1120 Beach Blvd, Biloxi, MS 39530

Email: azad.kabir@ddxrx.net; Tel: (228) 342-6278

**Dated: October 2, 2026**

**CERTIFICATE OF SERVICE**

I, Azad Alamgir Kabir, M.D., M.S.P.H., Plaintiff proceeding pro se, hereby certify that on **October 2, 2026**, a true and correct copy of the foregoing **Plaintiff's Motion and Memorandum of Law for Alternative Service Pursuant to Fed. R. Civ. P. 4(f)(3),** was served as follows:

1. **To the Court:** I served the original document via **Federal Express overnight delivery** addressed to the Clerk of Court for the District of New Jersey for manual filing.

2. **To Defendants:** Service was effected on all counsel of record for Defendants in this action via **electronic mail** on **October 2, 2026**, and will be further effected through the Court's CM/ECF system upon the Clerk's processing of this manual filing (with formal personal service to be executed as to Defendant Patkar upon issuance of the Summons).

I declare under penalty of perjury that the foregoing is true and correct.

**Respectfully submitted,**

Azad Kabir

/s/ **Azad Alamgir Kabir** Azad Kabir

Azad Alamgir Kabir, M.D., M.S.P.H.,

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

**Dr. Azad Alamgir Kabir,**

Plaintiff Pro Se,

v.

**WebMD LLC, Thoughti Inc., Nilesh Patkar, and John Doe 1 (believed to be OpenAI, Inc.)**

Defendants.

Civil Action No. 2:25-cv-15207 (EP) (JSA)

---

[PROPOSED] ORDER AUTHORIZING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3)

THIS MATTER having been opened to the Court by Plaintiff Azad Alamgir Kabir, M.D., M.S.P.H., proceeding pro se, upon a Motion for Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3); and the Court having considered the moving papers; and for good cause shown: IT IS on this _____ day of _________________, 2026; ORDERED that Plaintiff's Motion for Alternative Service pursuant to Fed. R. Civ. P. 4(f)(3) is hereby GRANTED; and it is further ORDERED that Plaintiff is authorized to effect service of the Summons and Complaint upon Defendant Nilesh Patkar by serving Defendant Thoughti, Inc. / Wendy Uzar, Esq., via Certified Mail, Return Receipt Requested, or hand delivery at their New Jersey address of record; and it is further ORDERED that service effected in accordance with this

Order shall be deemed sufficient and effective service of process upon Defendant Nilesh Patkar under Fed. R. Civ. P. 4. ______________________________

HON. EVELYN PADIN, U.S.D.J. / HON. JESSICA S. ALLEN, U.S.M.J.

UNITED STATES DISTRICT COURT

ORIGIN ID:BIXA (228) 342-6278
AZAD KABIR

1120 BEACH BLVD
1120 BEACH BLVD
BILOXI, MS 39530
UNITED STATES US

SHIP DATE: 02OCT26
ACTWGT: 1.00 LB
CAD: 262059400/INET4535

BILL SENDER

TO **CLERK OF COURT**

**U.S. DISTRICT COURT, D.N.J.**
**MLK JR. BUILDING & U.S. COURTHOUSE**
**50 WALNUT STREET, ROOM 4015**
**NEWARK NJ 07102**

(973) 645-3730 REF:
INV:
PO: DEPT:

FedEx
TRK# 0201 8780 7407 2170

TUE - 06 OCT AA
** 2DAY **
DSR

RECEIVED
OCT 06 2026

K1 CDWA

07102
NJ-US
EWR

CLERK, U.S. DISTRICT COURT - NJ

9445327 02Oct2026 FATA 58KG9/B503/484B

4710 MON 10/05 08:07
50 WALNUT ST
BLDG AND
NEWARK NJ
1403026
07102-3551-99
E
124-3030 - AC
SPAC:100:V
68666034000071020087807407 2170

FedEx®

**This envelope is only for FedEx Express® shipments.**
You can help us get your package safely to its destination by packing your items securely. Need help? Go to **fedex.com/packaging** for packing tips.
...ur FedEx shipping document, the current FedEx Service Guide, ...ons of carriage for complete terms, conditions, and limits

XFAYLD